```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
YANHUA YANG, on behalf of           :
herself and others similarly
situated,                           :

                    Plaintiffs,     :    15 Civ. 5031 (HBP)

     -against-                      :    OPINION AND
                                         ORDER OF DISMISSAL
SUNSHINE ISA, INC., d/b/a           :
"Wu Liang Ye," RU QIU LI
and LIANG ZHANG,                    :

                    Defendants.     :

-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/16

      PITMAN, United States Magistrate Judge:

      This matter is before me on the parties' joint application to approve the parties' settlement (Docket Item 39). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

      This is an action brought by an individual who formerly worked as a "packer" at a Chinese restaurant located in midtown Manhattan for allegedly unpaid wages, overtime premium pay and spread-of-hours pay. The action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law. Plaintiffs also assert claims alleging violations of other provisions of the Labor Law. Although the action was commenced as a collective action with respect to the FLSA

claim and a putative class action with respect to the Labor Law claims, the parties reached a proposed settlement prior to any motion for conditional certification or class certification. Thus, the only parties to the settlement are the named plaintiff and the named defendants.

Plaintiff alleges that she worked as a packer for defendants from November 23, 2013 through April 10, 2015. Plaintiff claims that she worked from 11:00 a.m. to past 9:00 p.m. five days per week for a weekly total in excess of 50 hours. She was not given a fixed time for lunch or dinner. Plaintiff further claims that during the first year of her employment she was paid $900 twice a month. For the remainder of her employment, she was paid $1,850 every month; approximately half of her monthly compensation was paid by check and half was paid in cash. Plaintiff claims that she did not receive the minimum wage for the first 40 hours she worked per week, did not receive "time-and-a-half" premium pay for the hours she worked in excess of 40 hours per week and did not receive "spread-of-hours" pay for the days on which she worked more than ten hours. Plaintiff also asserts claims under the Labor Law based on defendants' alleged failure to provide her with meal periods, failure to maintain payroll records and failure to provide plaintiff with a written notice advising her of her regular hourly rate, overtime rate and

other related information.  Plaintiff claims her unpaid wages total $15,695.48.  Plaintiff claims that if she is awarded this sum as unpaid wages, she is also entitled to $11,211.06 as liquidated damages under the FLSA, $15,695.48 as liquidated damages under the Labor Law and $10,000.00 for record-keeping and wage notice violations and $2,543.83 as prejudgment interest.  Thus, plaintiff's total claimed damages are $55,145.85,[1] exclusive of attorney's fees and costs.

For purposes of settlement only, defendants do not contest plaintiff's allegations concerning the hours she worked and the compensation she received.  They do point out that plaintiff is improperly seeking a double recovery of her unpaid overtime.  Defendants also claim that they acted in good faith and should not, therefore, be liable for any statutory damages.

The parties have agreed to a total settlement of $35,000.00.  The total settlement amount represents 136% of

---

[1] Plaintiff's submissions assert that her total claimed damages are $66,446.17, exclusive of attorney's fees.  This figure appears to be incorrect because it includes unpaid overtime wages as actual damages under both the FLSA and the Labor Law.  Although there is authority that a plaintiff may recover liquidated damages under both the FLSA and Labor Law, <u>Kim v. Kum Gang, Inc.</u>, 12 Civ. 6344 (MHD), 2015 WL 2222438 at *29 (S.D.N.Y. Mar. 19, 2015) (Dolinger, M.J.) ("[M]ost courts have held that a plaintiff who satisfies both statutes may recover liquidated damages under both.") (collecting cases), I am aware of no authority that permits a plaintiff to recover unpaid overtime wages under both the FLSA and the Labor Law.

3

plaintiffs' unpaid wages and statutory penalties. The parties also seek approval of an award for fees and costs totaling $12,262.50; this figure is comprised of $893.75 for counsel's out-of-pocket costs plus one-third of the amount of the settlement fund after the deduction of those costs.

I held a lengthy settlement conference on June 16, 2016 that was attended by the principals and their counsel. The parties were able to agree on the terms outlined above shortly after that conference.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (inner quotation marks and citations omitted). "Typically, courts regard the adversarial

4

nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982). The presumption of fairness in this case is bolstered by the caliber of the parties' counsel. All parties are represented by counsel who are known to me to be extremely knowledgeable regarding wage and hour matters and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Inner quotations and citations omitted). The settlement here satisfies these criteria.

The total damages sought by plaintiff, including liquidated damages, are $55,145.85. Thus, the settlement represents approximately 63.5% of the total amount sought by plaintiff.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. Plaintiff's case rests entirely on plaintiff's oral testimony, and litigating the case would require the taking of several depositions. The settlement avoids the expense and burden of depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Unlike many FLSA defendants, a portion of plaintiff's wages were paid by check, a fact which offers some strength to defendants' position. Plaintiff, who has an obvious interest in the outcome, appears to have no evidence to support her claims apart from her oral testimony. Although plaintiff's testimony is sufficient to prove her claims, <u>Anderson v. Mt. Clemmons Pottery Co.</u>, 328 U.S. 680, 686-88 (1946), there is no way to predict the weight that a jury would afford to her testimony.

Fourth, because I presided over the settlement conference, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

6

Fifth, there are no factors here that suggest the existence of fraud. The fact that the settlement was reached at a mediation before the Court further negates the possibility of fraud or collusion.

As noted above, plaintiff and counsel have also agreed that plaintiff's counsel will receive one-third of the net settlement proceeds as a fee. Contingency fees of one third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances"); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit"); Febus v. Guardian First Funding Group, LLC, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) (Stein, D.J.) ("a fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP), 2012 WL

2384419 at *6 (S.D.N.Y. June 22, 2012) (Freeman, M.J.). Plaintiff's counsel has also submitted time records that show counsel spent 71.86 hours working on this matter and that, if calculated as a lodestar figure, counsel's fees would be approximately $29,600.00. The fact that the actual fee award will be approximately 41% of the lodestar figure is further evidence of the reasonableness of the fees sought by counsel.

Accordingly, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of the Court is requested to mark this matter closed.

Dated:  New York, New York
        November 14, 2016

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

8